E. C. CAMP v. COAL CREEK & WINTER'S GAP RAIL-
ROAD COMPANY.

1. PLEADINGS AND PRACTICE. *Exceptions to report.* Upon a petition to take
   private property for works of internal improvements, the proper time
   and way to make objections as to want of title, of proper parties, etc.,
   is by exceptions to the report when filed.

2. SAME. *Appeal.* An appeal will not lie from an order directing a writ
   of inquiry of damages.

FROM ANDERSON.

Appeal in error from the Circuit Court of Anderson
county.   D. K. YOUNG, J.

HENDERSON & JOUROLMON for Camp.

ANDREWS & THORNBURG and LUCKY & YOE for
Company.

TURNEY, J., delivered the opinion of the court.

In November, 1882, defendant in error filed its
petition in the circuit court of Anderson county, ask-
ing that the right of way over three tracts of land
described in the petition, be assigned to it and set
apart by metes and bounds for railroad purposes, under
the provisions of the statutes.   On November 14th,
1882, petitioner moved for an order *pro confesso,* and
the appointment of commissioners to assess damages,
etc.   Thereupon E. C. Camp appeared by counsel and
resisted the motion, upon the ground that sufficient
45—VOL. 11

notice of the filing of the petition had not been given.
The motion was refused.   In March, 1883, E. C. Camp
moved the court to dismiss the petition for want of
proper parties, it being urged that the legal owners to
parts. of the lands were not before the court, as ap-
peared from the petition.   Petitioners renewed its mo-
tion for the appointment of commissioners to set apart,
etc.   Both motions were continued to July term, 1883,
when the motion to dismiss was overruled, and two
weeks time to make defense was asked and refused,
and a writ of inquiry to assess damages, etc., was
awarded, no sufficient cause to the contrary being
shown, from which Camp prayed and obtained an ap-
peal.

The case is before us on motion to dismiss the
appeal as premature.   The Referees recommend a dis-
missal.

It is argued that the court was hasty in awarding
the writ, after refusing the time asked for in which
to make defense, that two days were allowed by law,
and the writ was an order at once upon overruling
the application for time.   The rule allowing two days
to plead is not applicable to this case.   Chapter 11
of Code, entitled, "Of taking private property for
works of internal improvement," and under which this
proceeding is instituted, by sec. 1330, provides: "After
the requisite notice has been given, if no sufficient cause
to the contrary is shown, the court shall issue a writ
of inquiry of damages to the sheriff, commanding him
to summon a jury to inquire and assess the damages."

The record shows the requisite notice to have been

Camp *v.* Railroad.

given, and that the statute has been strictly pursued as far as the case progressed up to the time of appeal.

If, as argued, some owners of the lands are not before the court, the fact in no way affects those who are, and as in terms provided, " the proceedings will only cover and affect the interests of those who are actually made parties," etc.

Under sec. 1341, either party may object to the report of the jury, and the same may, on good cause shown, be set aside and a new trial awarded." It would seem that under this section all such objections as want of title, of proper parties, etc., may be made. That construing the several sections together, the proper time to make all contests is when the report is filed by exceptions thereto.

The order directing a writ of inquiry is not such final judgment as may be apppealed from, and the motion to dismiss is allowed.